FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

2014 MAY -5  A 8: 45

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

FRANCISCO OSORIO )
)
MATIAS OSORIO )
)
JOSE IVAN RODRIGUEZ GARCIA )
)
and )
)
JUAN RAMOS GUARDADO, )
)
Plaintiffs, )
)
v. )
) Civ. No: 1:14CV493 - TSE/TCB
TAN CHAU XO CORPORATION )
d/b/a X.O. Taste Restaurant )
Serve: Lang Uyen Tan, R/A )
6124 Arlington Blvd. )
Falls Church, VA 22044 )
)
LANG UYEN TAN, )
)
and )
)
PAUL CHAU, )
)
Defendants. )

## COMPLAINT

### Preliminary Statement

1.  Plaintiffs Francisco Osorio, Matias Osorio, Jose Ivan Rodriguez Garcia, and Juan Ramos Guardado sue their former employers for failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Jurisdiction over plaintiffs' claim lies in this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

1

## Parties

2. Plaintiff Francisco Osorio is an adult resident of Fairfax County. He worked for defendants as a kitchen employee.

3. Plaintiff Matias Osorio is an adult resident of Fairfax County. He worked for defendants as a kitchen employee.

4. Plaintiff Jose Ivan Rodriguez Garcia is an adult resident of Fairfax County. He worked for defendants as a kitchen employee.

5. Plaintiff Juan Ramos Guardado is an adult resident of Fairfax County. He worked for defendants as a kitchen employee.

6. Defendant Tan Chau XO Corporation is a Virginia corporation with its principal place of business in Fairfax County. Tan Chau XO Corporation has operated a Chinese restaurant known as X.O. Taste in Fairfax County since about 2008.

7. Defendant Lang Uyen Tan is an adult resident of Henrico County and the wife of defendant Paul Chau. Ms. Tan is the president and director of Tan Chau XO Corporation. Ms. Tan and Mr. Chau, are, on information and belief, the sole owners and operators of Tan Chau XO Corporation.

8. Defendant Paul Chau is an adult resident of Fairfax County and the husband of defendant Lang Uyen Tan. Mr. Chau and Ms. Tan are, on information and belief, the sole owners and operators of Tan Chau XO Corporation.

## FACTS

9. Defendants are, and at all times relevant to this action were, the sole owners and operators of Tan Chau XO Corporation, which operates a Chinese restaurant in Fairfax County known as X.O. Taste.

10. On information and belief, defendant Paul Chau had primary responsibility for all aspects of the restaurant's day-to-day functioning, including but not limited to hiring and firing employees, setting employees' hours and compensation, keeping track of employees' hours, paying employees for their hours worked, and instructing employees on a day-to-day basis what to do.

11. On information and belief, defendant Lang Uyen Tan shared overall responsibility for the business management, and shared in the business's profits, with her husband Paul Chau.

12. On information and belief, defendants' gross annual business volume exceeded $500,000 at all times relevant to this action.

13. All four plaintiffs worked as kitchen staff at the X.O. Taste restaurant in Fairfax County. Their job duties included preparing food to be cooked, washing pots and dishes, and general cleaning of the restaurant. In the performance of their jobs, all four plaintiffs were regularly involved in handling food ingredients that had traveled in interstate commerce, including but not limited to receiving deliveries from interstate suppliers and putting the food ingredients in their proper coolers or refrigerators.

14. *Plaintiff Francisco Osorio.* Francisco Osorio worked as a kitchen employee at X.O. Taste from about June 21, 2009 to about January 28, 2011; and then again from about January 2012 to about September 22, 2012; and then again from about December 15, 2012 to about March 9, 2014.

15.     Francisco Osorio generally worked 66 hours per week, not including breaks.

16.     During the first period listed above (2009-2011), Francisco Osorio was paid a flat-rate salary of $1200 per month.  During the second period listed above (January-September 2012), he was paid a flat-rate salary of $1300 per month.  During the third period listed above (December 2012-March 2013), he was paid a flat-rate salary of $1400 per month.

17.     At all relevant times, defendants failed to pay Francisco Osorio the lawful minimum wage of $7.25 per hour, and failed to pay him time-and-a-half for overtime hours (defined as hours worked in a week beyond 40, *see* 29 U.S.C. § 207(a)(2)(C)).

18.     Francisco Osorio was paid nothing at all for his work in February and March 2014.

19.     *Plaintiff Matias Osorio.*  Matias Osorio worked as a kitchen employee at X.O. Taste from about February 1, 2013 to about March 10, 2014.

20.     Matias Osorio generally worked 61 hours per week, not including breaks.

21.     Matias Osorio was paid a flat-rate salary of $1300 per month prior to about August 2013, at which time his salary was raised to $1400 per month.

22.     At all relevant times, defendants failed to pay Matias Osorio the lawful minimum wage of $7.25 per hour, and failed to pay him time-and-a-half for overtime hours (defined as hours worked in a week beyond 40, *see* 29 U.S.C. § 207(a)(2)(C)).

23.     Matias Osorio was paid nothing at all for his work in February and March 2014.

24.     *Plaintiff Jose Ivan Rodriguez Garcia.*  Jose Ivan Rodriguez Garcia worked as a kitchen employee at X.O. Taste from about April 2013 to about March 10, 2014.

25.     Mr. Rodriguez Garcia generally worked 56 hours per week, not including breaks.

26. Mr. Rodriguez Garcia was paid a flat-rate salary of $1300 per month prior to about August 2013, at which time his salary was raised to $1400 per month.

27. At all relevant times, defendants failed to pay Mr. Rodriguez Garcia the lawful minimum wage of $7.25 per hour, and failed to pay him time-and-a-half for overtime hours (defined as hours worked in a week beyond 40, *see* 29 U.S.C. § 207(a)(2)(C)).

28. Mr. Rodriguez Garcia was paid nothing at all for his work in February and March 2014.

29. *Plaintiff Juan Ramos Guardado.* Juan Ramos Guardado worked as a kitchen employee at X.O. Taste from about November 25, 2011 to about March 10, 2014.

30. Mr. Ramos Guardado generally worked 66.5 hours per week, not including breaks.

31. Mr. Ramos Guardado was paid a flat-rate salary of $1300 per month prior to about May 2012, at which time his salary was raised to $1400 per month. His salary was again raised to $1550 per month in about July 2013.

32. At all relevant times, defendants failed to pay Mr. Ramos Guardado the lawful minimum wage of $7.25 per hour, and failed to pay him time-and-a-half for overtime hours (defined as hours worked in a week beyond 40, *see* 29 U.S.C. § 207(a)(2)(C)).

33. Mr. Ramos Guardado was paid nothing at all for his work in February and March 2014.

## CAUSE OF ACTION:
### Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

34. At all times relevant to this action:

    a. Plaintiffs were employees of defendants within the meaning of 29 U.S.C. § 203(e)(1);

    b. Defendants were employers of plaintiffs within the meaning of 29 U.S.C. § 203(d);

    c. Defendants employed plaintiffs within the meaning of 29 U.S.C. § 203(g); and

    d. Plaintiffs were engaged in commerce, and/or were employed by defendants in an enterprise engaged in commerce.

35. By failing to pay plaintiffs at least $7.25 per hour not including overtime premiums, defendants violated the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 206, to plaintiffs' injury, and are jointly and severally liable to them in damages. These violations were willful violations within the meaning of the FLSA, 29 U.S.C. § 255(a), in that defendants made no effort whatsoever to pay plaintiffs the proper minimum wage notwithstanding the fact that they were plainly and obviously earning less than $7.25 per hour not including overtime premiums.

36. By failing to pay plaintiffs their lawful time-and-a-half overtime premiums, defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, to plaintiffs' injury, and are jointly and severally liable to them in damages. These violations were willful violations within the meaning of the FLSA, 29 U.S.C. § 255(a), in that defendants made no effort whatsoever to pay plaintiffs the proper overtime premium notwithstanding the fact that plaintiffs were plainly and obviously working overtime.

## **Requested Relief**

Wherefore, plaintiffs Francisco Osorio, Matias Osorio, Jose Ivan Rodriguez Garcia, and Juan Ramos Guardado respectfully request that this court provide the following relief:

1. A declaration that the defendants' actions willfully violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, such that a three-year statute of limitations is appropriate;

2. An award of each plaintiff's actual damages under the FLSA in the amount of all unpaid minimum wages and overtime, jointly and severally against both defendants, in an amount appropriate to the proof at trial, but currently estimated (based on a three-year statute of limitations) to be about $40,000 for Francisco Osorio, about $17,000 for Matias Osorio, about $12,000 for Mr. Rodriguez Garcia, and about $33,000 for Mr. Ramos Guardado;

3. For each plaintiff, an additional equal amount as liquidated damages, jointly and severally against both defendants, pursuant to 29 U.S.C.§ 216(b);

4. An award of plaintiffs' costs and reasonable attorney's fees, as appropriate under the Fair Labor Standards Act, 29 U.S.C. § 216(b), jointly and severally against both defendants; and

5. Such other and further relief as this court deems necessary and proper.

Plaintiffs demand trial by jury.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: _____       Date: 5/5/2014
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
6400 Arlington Blvd., Suite 600
Falls Church, Virginia 22042
Ph: (703) 720-5605
Fax: (703) 778-3454
simon@justice4all.org
*Counsel for plaintiffs*